Kenneth A. Jacoppi, Esq. Village Attorney, Poquott
In a recent telephone conversation elaborating on your request for our opinion, you informed us that the Village of Poquott desires to provide justice court services as economically as possible. You are interested in the alternatives for providing such services and have specifically asked whether a neighboring village's justice may be elected Poquott village justice and whether the Village of Poquott may utilize the neighboring village's courthouse. Presently, there is no office of village justice in your village.
Section 17 of Article VI of the State Constitution requires the Legislature to prescribe the jurisdiction of village courts and the method of selection of village justices.
There is no mandate that a village establish the office of village justice (Village Law, § 3-301 [2] [a]). A village may establish the office by resolution or local law, subject to permissive referendum (ibid.).
In villages having no office of village justice, the town court would receive all matters arising in the village that are within the court's jurisdiction (Uniform Justice Court Act, § 201, 2101 [n] [p]; see D. Siegel, Uniform Justice Court Act, § 201, Practice Commentary, p 134, McKinneys [1980-81 pocket part]). Since the Village of Poquott has not established the office of village justice, the town court for the town in which the village is located would, by law, have jurisdiction of matters arising in the village. Any matters that would be heard by the village court, if established, would be heard instead by the town court (Uniform Justice Court Act, § 201).
In the event of establishment of the office of village justice, you ask whether a neighboring village's courthouse may be utilized for your village court business. A village justice must hold court within the village, except where two or more contiguous villages maintain offices in the same building, in which case the justice may hold court in the building even if outside his village (id., § 106). We note that there is no requirement that a courthouse be utilized to house the village court (ibid.). This recognizes the fact that many justices hold court in their homes or offices (see D. Siegel, Uniform Justice Court Act, §106, Practice Commentary, supra, p 123). Therefore, should your village establish the office of village justice, court need not be held in a courthouse.
Under section 3-300 (2) of the Village Law no person is eligible to hold the office of village justice who is not a resident of the village. The board of trustees of a village with a population of less than three thousand may provide that the village justice may reside within a county in which the village is wholly or partially located (ibid.). A determination of whether the same person may serve as justice for more than one village will depend on the applicable residency requirement for each village.
We conclude that a village in which the office of justice has not been established, has the option to establish the office. If it is not established, the town court would receive all village matters within the court's jurisdiction. Whether a person may serve as justice for more than one village will depend upon the applicable residency requirement for each village.